IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT "THOMAS" COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: _____ |
| ) | JURY DEMANDED |
| ) | |
| MAURY REGIONAL MEDICAL CENTER ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, ROBERT "THOMAS" COBB, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff, ROBERT "THOMAS" COBB, brings this action against MAURY REGIONAL MEDICAL CENTER for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act with Amendments (ADAAA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, ROBERT "THOMAS" COBB, currently resides in Columbia, Tennessee and is a citizen of the United States.

**B. THE DEFENDANT**

3. Defendant, MAURY REGIONAL MEDICAL CENTER, is an employer of more than fifteen (15) persons who, at times relevant hereto, employed Plaintiff in Maury County, Tennessee, which is located within the Middle District of Tennessee.

1

4. The Defendant is bound by the law and regulations concerning the ADAAA.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC. The EEOC issued Plaintiff a Notice of Suit Rights dated May 15, 2012. Within ninety days of his receipt of that Right to Sue, Plaintiff now timely commences this action. Accordingly, he has exhausted administrative prerequisites under ADA.

6. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7. Defendant hired Plaintiff in August of 2004 as a Cardiac Rehab Exercise Physiologist.

8. In this role, working with a nurse, Plaintiff assisted patients who had been medically prescribed cardiac rehabilitation to help them restore function and prevent disability following cardiac events.

9. Plaintiff has a "disability," as that term of art is now defined by the ADA-AA. Specifically, Plaintiff had an impairment of full knee replacement in May of 2011. Because he was unable to work in the immediate aftermath, he took a full FMLA leave in order to recuperate. On August 22, 2011, Plaintiff was released to return to work by his physicians with restrictions that he must limit his standing/walking to four total hours per day, and no greater than 30 minutes at a time.

10. On August 22, 2011, Defendant's human resources manager, Jeff Pierce, received Plaintiff's physicians release with the needed accommodations. These restrictions were signed

by Plaintiff's physician and further stated that the restrictions would be in place for only three months of time.

11. On August 25, 2011, Pierce wrote Plaintiff a letter which confusingly suggested that Plaintiff was asked to "suggest any options to accommodate the restrictions currently in place that would allow you to perform the duties required of this position." The letter advised Plaintiff that his job was being posted for others "[b]ased on the restrictions currently in place, the essential duties of the position, no options being identified, and the exhaustion of the time to hold your position." Thus, it was plain that Pierce was taking action against Plaintiff based upon Plaintiff's medical restrictions and/or Pierce's <u>belief</u> that the restrictions rendered Plaintiff unable to perform his job.

12. Contrary to Pierce's letter, the essential duties of Plaintiff's position do <u>not</u> require him to stand for more than four hours, or to stand for more than thirty minutes at a time. Occasional sitting—a simple stool or chair—was entirely reasonable and, in fact, could be done as a matter of course and not even as a special accommodation. In other words, constant standing or walking beyond Plaintiff's medical restrictions was just not necessary.

13. Moreover, Plaintiff's physician stated that his restrictions were in place for three months. Even if the job could <u>not</u> have been performed with the restrictions, Defendant refused Plaintiff a three month leave by giving Plaintiff only "<u>2 calendar months</u> of medical leave (total of 6 months leave time)."

14. A person with Plaintiff's same or similar job duties, Jackie Hill, performed the job without standing for greater than four hours, or for more than 30 minutes at a time. Defendant was aware of this and permitted it.

3

15. Nonetheless, Defendant posted Plaintiff's job and, after two months, terminated his employment.

16. Accordingly, Defendant's actions, above, have denied Plaintiff substantial income (back pay and front pay), benefits, and have caused him worry, anxiety, financial distress, humiliation, and embarrassment. Accordingly, Plaintiff seeks wage loss, benefits loss, reinstatement, compensatory damages, and attorneys fees and costs. He also seeks punitive damages as Defendant's actions were not simple negligence but a purposeful or reckless decision.

## V. CAUSE OF ACTION UNDER THE ADAAA

17. Plaintiff respectfully asserts the following causes of action under the ADAAA:

    A. Actual Disability:

        1. Discriminatory Termination of Employment; and

        2. Failure to Reasonably Accommodate.

    B. Regarded As Disability:

        1. Discriminatory Termination of Employment (no _special_ accommodation beyond the normal job duties was even needed).

## VI. PRAYER FOR RELIEF

18. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff;

D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

E. Reasonable attorneys' fees;

F. The costs and expenses of this action;

G. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**